UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANTHONY RIVERA,

                Plaintiff,                6:14-cv-422
                                                    (GLS/TWD)
          v.

SARA DEMILLER et al.,

                Defendants.
_____

**APPEARANCES:**                          **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Anthony Rivera
Pro Se
145 Snyder Road
Little Falls, NY 13365

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

    Plaintiff *pro se* Anthony Rivera commenced this action against defendants Sara Demiller and Oneida County pursuant to 42 U.S.C. § 1983, alleging malicious prosecution. (Compl., Dkt. No. 1.) Rivera appears to seek money damages. (*Id.* at 3.) He also submitted an application to proceed *in forma pauperis* (IFP), which triggered initial review of his complaint by Magistrate Judge Thérèse Wiley Dancks pursuant to 28

U.S.C. § 1915(e). (Dkt. No. 2.)

In an Order and Report-Recommendation (R&R) dated April 29, 2014, Judge Dancks granted Rivera's application to proceed IFP, but recommended that his complaint be dismissed without leave to amend. (Dkt. No. 4.) Rivera has filed objections to the R&R. (Dkt. No. 5.) For the reasons that follow, the R&R is adopted in part and rejected in part.

## II. Background

The only substantive allegation set forth in Rivera's complaint is that he was arrested, after which Demiller "ignore[d]" the facts and prosecuted him even after learning that the charges against him were false, and that "[a]fter [he] would not take a plea[ ] she was forced to drop[ ] trial on trial date." (Compl. at 2.) Rivera thus seeks "[t]o be compe[n]sated" for the mental anguish "caused by . . . Demiller," and to have the federal government more closely look at alleged malicious prosecutions in Oneida County. (*Id.* at 3.)

## III. Standard of Review

Before entering final judgment, this court reviews report and recommendation orders in cases it has referred to a magistrate judge. If a party properly objects to a specific element of the magistrate judge's

2

findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at *3, *5 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, only vague or general objections are made, or a party resubmits the same papers and arguments already considered by the magistrate judge, this court reviews the findings and recommendations of the magistrate judge for clear error. *See id.* at *4-5.

## IV. Discussion

In her R&R, Judge Dancks recommended dismissing Rivera's complaint in its entirety, without leave to amend. (Dkt. No. 4 at 6.) Specifically, she recommended that his claim against Demiller be dismissed because of absolute prosecutorial immunity from liability under § 1983, and Rivera's failure to state a claim for malicious prosecution. (*Id.* at 3-5.) Judge Dancks indicated that "the complaint states that [Rivera] pleaded guilty to the charges against him," and "[t]hus, the prosecution was not terminated in [his] favor," so he was therefore unable to maintain a malicious prosecution claim. (*Id.* at 4.) She recommended that Rivera not be given leave to amend because Demiller is shielded by absolute

3

immunity "and because [Rivera] has admitted that he pleaded guilty to the charges against him." (*Id.*)

With respect to Rivera's claim against Oneida County, Judge Dancks also recommended dismissal because Rivera had not pleaded the existence of an official policy or custom as would be required to subject a municipality to liability under § 1983. (*Id.* at 5); *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). Further, as mentioned above with respect to Demiller, Rivera had not stated an underlying cause of action for malicious prosecution "because [he] admits that he pleaded guilty to the charges against him." (Dkt. No. 4 at 5-6.) For those reasons, Judge Dancks recommended dismissal without leave to amend.

In his objections, Rivera notes that the recommendation to dismiss his complaint "is wrong" because he "did not plea[d] guilty" to the charges against him, but instead, "Demiller was force[d] to dismiss the case." (Dkt. No. 5.) This contention is indeed consistent with his allegation in the complaint that "[a]fter [he] would not take a plea[ ] she was forced to drop[ the charges] on [the] trial date." (Compl. at 2.) As Rivera has objected to a specific factual finding in the R&R, he is entitled to a *de novo* review of the R&R. *See Almonte*, 2006 WL 149049, at \*3, \*5.

4

The elements of malicious prosecution under § 1983 and New York law are the same. *See Cook v. Sheldon*, 41 F.3d 73, 79 (2d Cir. 1994). To prevail on a malicious prosecution claim, a plaintiff must establish that: "(1) the defendant commenced a criminal proceeding against him; (2) the proceeding ended in the plaintiff's favor; (3) the defendant did not have probable cause to believe the plaintiff was guilty of the crime charged; and (4) the defendant acted with actual malice." *Id.* (citation omitted); *see Rothstein v. Carriere*, 373 F.3d 275, 282 (2d Cir. 2004).

However, prosecutors, such as Demiller here, enjoy an absolute immunity to § 1983 suits for "acts that are 'intimately associated with the judicial phase of the criminal process.'" *Warney v. Monroe Cnty.*, 587 F.3d 113, 121 (2d Cir. 2009) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)); *see Pinaud v. Cnty. of Suffolk*, 52 F.3d 1139, 1147 (2d Cir. 1995) ("[P]rosecutors are absolutely immune from liability under § 1983 for their conduct in initiating a prosecution and in presenting the State's case." (internal quotation marks and citation omitted)).

Here, Judge Dancks recommended dismissal of the claim against Demiller because of this prosecutorial immunity and because Rivera has not stated a claim. (Dkt. No. 4 at 3-5.) In light of Rivera's objection,

5

although it remains unclear whether the underlying criminal charges terminated in his favor, and thus whether or not he can properly state a claim for malicious prosecution, this is of no moment, as Demiller would be entitled to absolute immunity on Rivera's claim that she "persued [sic] a conviction against [him]." (Compl. at 1.) Accordingly, the R&R is adopted with respect to Demiller, and the claim against her is dismissed.

As for the claim against Oneida County, a municipality may be liable for the constitutional violations of its employees provided that any such violations occurred pursuant to an official policy or custom. *See Mayo v. Cnty. of Albany*, No. 07-cv-823, 2009 WL 935804, at *2 (N.D.N.Y. Apr. 3, 2009); *see also Monell*, 436 U.S. at 692. A successful claim of municipal liability under § 1983, therefore, requires the plaintiff "'to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right.'" *Zherka v. City of N.Y.*, 459 F. App'x 10, 12 (2d Cir. 2012) (quoting *Wray v. City of N.Y.*, 490 F.3d 189, 195 (2d Cir. 2007)). Although this rule "does not mean that the plaintiff must show that the municipality had an explicitly stated rule or regulation, a single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a

municipal policy." *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) (citations omitted).

Here, as Judge Dancks noted, Rivera has not alleged a policy or custom, and therefore has failed to state a claim against Oneida County. (Dkt. No. 4 at 5-6.) Accordingly, his complaint, as currently pleaded, is dismissed as against Oneida County.

The court notes that, although a complaint filed by a *pro se* litigant "should not [be] dismiss[ed] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Shomo v. City of N.Y.*, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and citation omitted), the court is not required to grant leave to amend when doing so would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Here, as Demiller would be immune from liability under § 1983 for her alleged conduct of pursuing a criminal prosecution against Rivera, *see Pinaud*, 52 F.3d at 1147, Rivera could not cure this deficiency by amending the complaint, and therefore his complaint is denied without leave to amend with respect to Demiller. On the other hand, because Rivera asserts, in contrast to Judge Dancks' interpretation of the complaint, that he did not in fact plead guilty to

the underlying criminal charges against him, (Compl. at 2; Dkt. No. 5), and because Rivera could, with more thorough pleading as to an official policy or custom, potentially state a claim against Oneida County, he should be granted leave to amend his complaint with respect to Oneida County only.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Thérèse Wiley Dancks' April 29, 2014 Order and Report-Recommendation (Dkt. No. 4) is **ADOPTED** insofar as it recommends that Rivera's complaint be dismissed and **REJECTED** only insofar as it recommends that the dismissal against Oneida County be without leave to amend; and it is further

**ORDERED** that Rivera's complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that Demiller is dismissed as a party to this action and the Clerk remove her from the docket; and it is further

**ORDERED** that Rivera may—in accordance with the requirements of, among other things, Fed. R. Civ. P. 8(a) and N.D.N.Y. L.R. 7.1(a)(4)—file an amended complaint within sixty (60) days of the date of this Memorandum-Decision and Order, with respect to his claim against Oneida

8

County only; and it is further

**ORDERED** that, if Rivera fails to file an amended complaint within sixty (60) days of this Memorandum-Decision and Order, the Clerk shall **CLOSE** this action without further order of the court; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

November 19, 2014
Albany, New York

_____
Gary L. Sharpe
Chief Judge
U.S. District Court