UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANTHONY RIVERA,

                                 Plaintiff,

v.                                                        6:14-CV-0422 (GLS/TWD)

ONEIDA COUNTY,

                                 Defendant.
_____

APPEARANCES:                                      OF COUNSEL:

ANTHONY RIVERA
Plaintiff pro se
145 Snyder Road
Little Falls, NY 13365

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent this pro se amended complaint to the Court for review. (Dkt. No. 11.) For the reasons discussed below, I recommend that the action be dismissed without leave to amend.

**I.    ALLEGATIONS OF THE ORIGINAL COMPLAINT**

In the original complaint, Plaintiff alleged that former Defendant Sara Demiller, an Assistant District Attorney in Oneida County, relentlessly pursued a conviction against him despite knowing that the charges against him were false. (Dkt. No. 1 at 1.) Plaintiff also named Oneida County as a Defendant and requested that the federal government 'look closely' at malicious prosecutions in the county. *Id*. at 3.

## II. SCREENING OF THE ORIGINAL COMPLAINT

Upon initial screening of the original complaint, I recommended that the Court dismiss the claims against former Defendant Demiller without leave to amend because, *inter alia*, individual district attorneys are immune from claims arising out of acts within the scope of their duties in initiating and pursuing criminal prosecutions. (Dkt. No. 4 at 3-5.) I further recommended that the Court dismiss the claims against Oneida County without leave to amend because, *inter alia*, Plaintiff had not pleaded facts plausibly suggesting the existence of an official policy or custom that caused him to be denied his constitutional rights. *Id.* at 5-6. The Court adopted the recommendation regarding former Defendant Demiller in full and dismissed the claims against her without leave to amend, but granted Plaintiff leave to amend his claim against Oneida County. (Dkt. No. 6.)

Plaintiff filed an amended complaint on April 9, 2015. (Dkt. No. 11.) That complaint is now before the Court for initial review.

## III. LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

28 U.S.C. § 1915(e) (2006) directs that when a person proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2) (2006).

In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief

2

means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not shown--that the pleader is entitled to relief." *Id.* at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). Courts are "obligated to construe a pro se complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

When screening a complaint, the court has the duty to show liberality towards pro se litigants. *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam). "[E]xtreme caution should be exercised in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and [the] parties have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

**IV.    ANALYSIS OF THE AMENDED COMPLAINT**

Upon screening of the original complaint, Plaintiff was granted leave to amend his claims

3

against Oneida County to allege facts plausibly suggesting "an official policy or custom." (Dkt. No. 6 at 8.) The amended complaint does not assert any such facts. (Dkt. No. 11.) Indeed, it does not assert any facts at all. Rather, it simply lists three "causes of action" and a prayer for relief. *Id.* at 3-4. The "first cause of action" states: "To show that Sara Demiller From de Onida County District Attornys Office, Persued a prosecution against me, with malis. an conetempeted. and to have Vanessa Williams removed from probation." *Id.* at 3 (spelling and punctuation in original). The "second cause of action" states: "To show the court that Onida County is responsible for her actions." *Id.* (spelling in original). The "third cause of action" states: "To be compensated for pain sufering, as well as phycalagical tortuer." *Id.* (spelling in original). Plaintiff requests $500,000 in damages. *Id.* at 4.

The assertions in the amended complaint are insufficient to plausibly suggest that Plaintiff's rights were violated as the result of an official policy or custom. Therefore, I recommend that the Court dismiss Plaintiff's claims against Oneida County. Because Plaintiff has already been granted an opportunity to amend these claims, I recommend that the Court dismiss the claims without leave to amend.

**WHEREFORE**, it is hereby

**RECOMMENDED** that the amended complaint (Dkt. No. 11) be dismissed without leave to amend; and it is further

**ORDERED** that the Clerk serve a copy of this Order and Report-Recommendation on Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the

4

Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

Dated: April 28, 2015
       Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge